[Cite as *In re C.B.*, 2017-Ohio-1113.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| IN THE MATTER OF C.B. and A.B. | : | JUDGES: |
| | : | Hon. W. Scott Gwin, P.J. |
| | : | Hon. William B. Hoffman, J. |
| | : | Hon. Craig R. Baldwin, J. |
| | : | |
| | : | |
| | : | Case No. CT2016-0032, CT2016-0038 |
| | : | |
| | : | O P I N I O N |

CHARACTER OF PROCEEDING:     Appeal from the Muskingum County
                            Juvenile Court, Case Nos. 20730154
                            and 20730153

JUDGMENT:                   Affirmed

DATE OF JUDGMENT:           March 24, 2017

APPEARANCES:

For Plaintiff-Appellant W.K.          For Defendant-Appellee L.K.

BRIAN W. BENBOW                       SUSAN MCDONALD
605 Market Street                     320 Main Street
Zanesville, Ohio 43701                Zanesville, Ohio 43701

*Baldwin, J.*

**{¶1}** Appellant W.K. appeals a judgment of the Muskingum County Juvenile Court dismissing his motion for visitation and appointment of a guardian ad litem. Appellee is L.K., the adoptive mother of C.B.

<u>STATEMENT OF THE FACTS AND CASE</u>

**{¶2}** C.B. and A.B. are two of the four natural children of appellant's daughter, who is deceased. A.B. was placed in the legal custody of her maternal great aunt and uncle, J.F. and W.F., on August 6, 2013. C.B. was placed in the legal custody of appellee on August 6, 2013.

**{¶3}** On July 9, 2015, appellant filed a joint motion with J.F. and W.F. for more specific visitation with C.B., alleging that since appellant's move to an assisted living facility, appellee had not been forthcoming in scheduling visitation. Appellant noted in the motion that appellee had moved to adopt C.B. and the adoption was pending in the Probate Court. Appellant further sought appointment of a guardian ad litem. Appellee filed a petition to adopt C.B. with the Muskingum County Probate Court on April 10, 2015, and the adoption was granted on September 10, 2015.

**{¶4}** The trial court dismissed the motion for visitation and for appointment of a guardian ad litem on June 22, 2016, finding that the trial court lacked subject matter jurisdiction to grant the requested relief due to the legal adoption of C.B. by L.K.

**{¶5}** Appellant, J.F. and W.F. filed a notice of appeal in both A.B.'s case and C.B.'s case, although the motion appeared primarily concerned with visitation with C.B. On July 25, 2016, J.F. and W.F. withdrew their appeal, and the appeal was dismissed

solely as to them on September 6, 2016, by this Court.  On November 14, 2016, we consolidated the two appeals, designating CT2016-0032 as the controlling case number.

{¶6}   Appellant assigns four errors on appeal to this Court:

{¶7}   "I.   THE TRIAL COURT COMMITTED PREJUDICIAL ERROR WHEN IT HELD THAT IT LACKED SUBJECT MATTER JURISDICTION OVER APPELLANT'S MOTIONS.   THE TRIAL COURT LACKED SUBJECT MATTER JURISDICTION TO ENTERTAIN THE PETITION FOR ADOPTION, WHICH IS VOID DUE TO LACK OF SUBJECT MATTER JURISDICTION DUE TO THE JURISDICTIONAL PRIORITY RULE. AS A RESULT, THE TRIAL COURT'S ACTIONS VIOLATED THE SUPREME COURT'S DECISIONS IN *STATE EX REL. OTTEN V. HENDERSON*, 129 OHIO ST. 3D 453 AND *IN RE ADOPTION OF PUSHCAR*, 110 OHIO ST. 3D 332.

{¶8}   "II. THE TRIAL COURT COMMITTED PREJUDICIAL ERROR WHEN IT GRANTED AN ADOPTION WITHOUT SUBJECT MATTER JURISDICTION TO DO SO. THE TRIAL COURT COMPOUNDED ITS PREJUDICIAL ERROR BY HOLDING THAT THE ADOPTION SERVED TO DEPRIVE THE TRIAL COURT OF ANY JURISDICTION TO EITHER MODIFY OR ENFORCE APPELLANT'S EXISTING VISITATION RIGHTS. THUS, APPELLANT'S RIGHTS WERE STRIPPED WITHOUT NOTICE OR A HEARING. AS A RESULT, THE TRIAL COURT'S ACTIONS ACCORDINGLY DEPRIVED APPELLANT OF HIS RIGHTS WITHOUT ANY DUE PROCESS IN VIOLATION OF THE OHIO AND UNITED STATES CONSTITUTIONS.

{¶9}   "III.   THE TRIAL COURT COMMITTED PREJUDICIAL ERROR BY NOT ENSURING THAT THE BEST INTERESTS OF [C.B.] AND [A.B.] WERE PROTECTED BY APPOINTING A GUARDIAN AD LITEM OR AN ATTORNEY FOR BOTH CHILDREN.

THE TRIAL COURT FURTHER COMMITTED PREJUDICIAL ERROR BY DEPRIVING BOTH CHILDREN OF THEIR CONSTITUTIONALLY PROTECTED RIGHT TO SIBLING COMPANIONSHIP; AND FURTHER DENIED THE CHILDREN THE RIGHT TO NOTICE AND A HEARING IN VIOLATION OF THEIR CONSTITUTIONALLY PROTECTED RIGHTS TO DUE PROCESS.   THE TRIAL COURT COMMITTED PREJUDICIAL ERROR BY HOLDING THAT THE ADOPTIVE STATUS OF [C.B.] WAS RELEVANT TO WHETHER THE TRIAL COURT COULD PROCEED FORWARD ON APPELLANT'S MOTIONS.

{¶10} "IV.    THE TRIAL COURT COMMITTED PREJUDICIAL ERROR BY DENYING APPELLANT THE RIGHT TO A TRANSCRIPT AT PUBLIC EXPENSE."

I., II.

{¶11} In his first two assignments of error, appellant claims error in the Probate Court's judgment granting L.K.'s petition to adopt C.B.  However, the probate court's judgment is not the judgment appealed from in the instant case.  While appellant cites several cases in support of his proposition that the probate court should not have acted on the petition to adopt while matters were pending in the juvenile court concerning C.B., those cases are direct challenges to the adoption proceedings in probate court.  The propriety of the probate court's judgment on the petition to adopt C.B. is not before this Court on appeal from the juvenile court's decision on his motion for visitation.

{¶12} The first and second assignments of error are overruled.

III.

{¶13} In his third assignment of error, appellant argues that the right of A.B. to visit with her brother, C.B. should survive the adoption and therefore the adoption is irrelevant

to the trial court's right to enforce visitation between the siblings. However, A.B. is not a party to the instant appeal, and her legal guardians have withdrawn from the instant appeal. Issues concerning sibling visitation are not properly before this court on appellant's appeal from the dismissal of his petition for grandparent visitation.

**{¶14}** The third assignment of error is overruled.

IV.

**{¶15}** In his final assignment of error, appellant argues that the court erred in denying his request for a transcript at state expense.

**{¶16}** "In actions instituted by the state to force the permanent, involuntary termination of parental rights, the United States and Ohio Constitutions' guarantees of due process and equal protection of the law require that indigent parents be provided with counsel and a transcript at public expense for appeals as of right." *State ex rel. Heller v. Miller*, 61 Ohio St.2d 6, 399 N.E.2d 66 (1980). However, while the instant case began as a dependency action, the case is not a termination of parental rights case. Although appellant correctly notes that R.C. 2151.352 gives parents and those who stand in loco parentis the right to appointed counsel in dependency actions if they are indigent, appellant does not stand in loco parentis as to either C.B. or A.B., and is not entitled to a transcript at state expense for purposes of pursuing his rights to grandparent visitation as to C.B.

**{¶17}** The fourth assignment of error is overruled.

{¶18} The judgment of the Muskingum County Juvenile Court is affirmed.  Costs are assessed to appellant.

By: Baldwin, J.

Gwin, P.J. and

Hoffman, J. concur.